UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT KEITH KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:24-cv-01590-SEP |
| ) | |
| PUBLIC STORAGE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Before the Court is self-represented Plaintiff Robert Keith Kelly's Application to Proceed in District Court without Prepayment of Fees and Costs, Doc. [2]. After review of Plaintiff's application and financial information, the Court grants the application and waives the filing fee. For the reasons set forth below, Plaintiff must show cause why this action is not time-barred.

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. A court may dismiss a complaint under 28 U.S.C. § 1915(e) if it is apparent that the applicable statute of limitations has run. *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiff alleges that he entered into a rental agreement with Public Storage on October 18, 2018. Doc. [1] at 7. He claims that Public Storage violated Missouri law by imposing late fees, prematurely applying a lien, and omitting critical details from the auction notice. *Id*. Plaintiff asks the Court to vacate a July 9, 2024, arbitration award because the arbitrator "disregarded crucial evidence, failed to apply Missouri law, and exhibited bias . . . ." *Id*.

The Federal Arbitration Act states that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within the three months after the award is filed or delivered." 9 U.S.C. § 12. According to the Eighth Circuit, a district court lacks jurisdiction to vacate an arbitration award after that three-month period has elapsed. *See RGA Reinsurance Co. v. Ulico Cas. Co.*, 355 F.3d 1136, 1139 (8th Cir. 2004) (citing *Piccolo v. Dain, Kalman & Quail, Inc.*, 641 F.2d 598, 600 (8th Cir. 1981)); *see also Glover v. Verizon Wireless*, 2024 WL 384866, *2 (D. Minn. Feb. 1, 2024). Plaintiff filed the Complaint on November 27, 2024, more than four months after the arbitration award was entered on July 9, 2024, apparently rendering his request untimely and depriving this Court of jurisdiction over it.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepayment of Fees and Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall show cause, in writing and no later than 21 days from the date of this Memorandum and Order, why this case should not be dismissed as time-barred.

Dated this 20th day of August, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE